OPINION OF THE COURT
Andrew V. Siracuse, J.
The shifting burdens of persuasion when a defendant moves for summary judgment should not obscure the plaintiffs fundamental burden, which is to establish a prima facie case. While all the defendants have moved for summary judgment here, only two are entitled to the relief, and the result turns not so much on the interpretation of the facts as on the burden placed upon the plaintiffs.
The facts in this case may be stated very simply. Plaintiff Eileen Stokes had several surgeries in the 1990s, two of them — in 1996 and 1999 — using laparoscopic trocars. Some time after the 1999 surgery she was discovered to have a tro-car tip in her body. It was removed surgically and has been preserved. She has been unable to determine during which surgery the tip was left inside of her, and therefore sued the doctors and hospitals involved in both surgeries and the two major manufacturers of trocars, hereinafter called US Surgical and Ethicon.
After extensive discovery the plaintiffs find themselves in a dilemma. The doctors and hospitals have averred that they use only trocars from these two manufacturers, and each manufacturer in turn has presented extensive proof that the trocar tip found in Mrs. Stokes was not one that it produced. Since trocar tips do not appear naturally inside human beings, someone is mistaken: either one of the doctors, as to the brand of trocar used; one of the manufacturers, as to the source of the tip found in Mrs. Stokes; or Mrs. Stokes herself, as to the number of surgeries she had where trocars were used. What, then, is the status of the plaintiffs’ various claims? The answer turns on the burden of proof and the nature of a prima facie case under the two different theories which they advance. The doc *697 tors and the hospitals are being sued on a theory of medical malpractice, while the manufacturers, on the other hand, are being sued under products liability.
It is incumbent upon any plaintiff in a products liability case to show affirmatively that the defendant manufacturer produced the product in use. These plaintiffs have failed to do this. Admittedly, the evidence from the hospitals and doctors would seem to keep the manufacturers in, while that from the manufacturers themselves would not. But there is a difference in the nature of the evidence. The hospitals and doctors depend on practice and custom and the paperwork they have on file. The manufacturers, on the other hand, have the tip itself that was unquestionably removed from the plaintiff and their drawings, patent records, and the affidavits of their engineers.
Testimony that the trocar used must have been one of US Surgical or Ethicon’s because the hospitals and doctors do not use any others is not comparable to the affirmative evidence that the tip comes from neither manufacturer. All the plaintiffs have shown at this point, though, is that the trocar should have been manufactured by one of the corporate defendants. This is only a suggestion, which has been overcome by the defendants’ affirmative evidence. The failure of proof here is on an essential element of the plaintiffs’ prima facie case, and they have presented only speculation about a possible lie or error to argue for keeping the manufacturers in. This is simply insufficient.
As for the malpractice defendants the story is very different. The presence of a trocar tip in the plaintiff is prima facie evidence of negligence. The fact that the plaintiffs cannot show which doctor was negligent does not allow the individual and hospital defendants to succeed at this stage; the case clearly has to go to a jury. The plaintiffs, therefore, have established a prima facie case against the other defendants.
The confusion about the source of the trocar does not change the result. The doctors and hospitals have proved that their normal practice is to use trocars manufactured by one of the corporate defendants. Either this is in error or the manufacturers’ evidence is wrong; but this problem does not weaken the plaintiffs’ showing of a prima facie case as against the doctors and hospitals. The upshot of the proof right now is not that these two surgeries have been ruled out as a matter of law as the source of the trocar tip found in Mrs. Stokes, but that there is a question of fact as to the manufacturer of the tip. This surely does not warrant the dismissal of the entire complaint.
*698 The attorneys appear to have understood this distinction, because at oral argument counsel for the plaintiffs conceded that the manufacturers had presented a plausible case. In addition, counsel for Dr. Duckies added a reply affirmation that claimed a new basis for dismissal. He argued that the plaintiffs had not shown that the trocar had to have been left in her during the 1996 or 1999 surgery. Mrs. Stokes had previous surgeries, and Dr. Duckies’s attorney argued that expert proof was needed to establish that no trocars were used before 1996. A mere layperson’s recollection, he claimed, was insufficient as a matter of law, which requires expert support of all medical malpractice claims.
This argument, though, also confuses the burdens in a summary judgment motion. At this stage the court must credit the plaintiff’s testimony. While expert proof is usually necessary to establish a malpractice claim even in a summary judgment posture, the present circumstances provide an exception; the claim is essentially one of res ipsa loquitur. The plaintiff’s sworn allegations that no trocars were used except in the 1996 and 1999 surgeries is competent evidence, and the fact that a trocar was later removed from her establishes all the elements of malpractice. The burden is then on the defendant to create a question of fact that would take the case out of the res ipsa category. The plaintiff’s medical records were available through discovery, and the defendant could easily have presented proof that trocars were used at a third surgery if such exists. It is not necessary for the plaintiff to prove the opposite.
Mr. Smith may therefore prepare an order dismissing the complaint as to US Surgical and Ethicon, with a single bill of costs. The same order should state that the remaining defendants’ summary judgment motions are denied.